UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:

BURN FITNESS, LLC[1]

    Debtor.

Chapter 11
Case No. 21-43828-MAR
Hon. Mark A. Randon

*Jointly Administered*

_____/

# SUBCHAPTER V STATUS REPORT

The Debtors and Debtors in Possession in this matter ("Debtors") are proceeding under subchapter V of chapter 11 of Title 11 of the United States Code ("U.S.C."). The Debtors are filing this Status Report pursuant to 11 U.S.C. §1188(c).

Procedural Background:

1. The Debtors in these jointly administered matters are Burn Fitness, LLC ("Burn 1"), Burn Fitness-2, LLC ("Burn 2") and Burn Fitness 3, LLC ("Burn 3") and are collectively referred to as the "Debtors".

2. The Debtors filed their petitions for relief on April 30, 2021 (the "Petition Date").

3. Charles M. ("Chuck") Mouranie was appointed as the subchapter V trustee in these matters. The Debtors and counsel have met with Mr. Mouranie on numerous occasions, including weekly meetings.

4. The Debtors attended the initial debtor interview on May 18, 2021.

---

[1] The Debtors in these jointly administered cases are Burn Fitness, LLC, Chapter 11 Case No. 21-43828, filed April 30, 2021; Burn Fitness-2, LLC, Chapter 11 Case No. 21-43840, filed April 30, 2021; Burn Fitness-3, LLC, Chapter 11 Case No. 21-43844, filed April 30, 2021.

5.  The Meeting of Creditors pursuant to 11 U.S.C. §341 is scheduled for June 8, 2012.

6.  The Status Conference is scheduled for June 14, 2021 at 11 a.m.

First Day Orders and related matters.

1.  *First Day Consent Interim Order Authorizing the Debtors to Use Cash Collateral and Granting Adequate Protection* [Doc. No. 32] was entered May 5, 2021 and authorized the Debtors to use cash collateral through May 31, 2021. As of the submission of this Status Report, Debtors are working on a second interim cash collateral order.

2.  *First Day Order Authorizing Debtors to Pay Certain Pre-Petition (I) Wages, Salaries, and Other Compensation, (II) Employee Medical and Similar Benefits, (III) Reimbursable Expenses and (IV) Workers' Compensation Benefits* [Doc. No. 33] was entered May 5, 2021.

3.  *First Day Order Granting Debtors' First Day Motion for an Order Authorizing Continued Use of Existing Bank Accounts, Business Forms and Cash Management System, and to Receive, Process and Honor Customer Credit Card Transaction* [Doc. No. 34] was entered May 5, 2021.

4.  *Debtors' Motion for an Order Pursuant to 11 U.S.C. §§ 105(a) and 366: (i) Prohibiting Utilities from Altering, Refusing or Discontinuing Services Pending Determination of Adequate Assurance of Payment for Future Utility Services and (ii) Establishing Procedures for Determining Requests for Additional Assurance* [Doc. No. 56] was filed May 14, 2021. No objections to this motion were filed; Debtors have submitted an order to the Court granting this motion.

Operations since the Petition Date

1.  The Debtors have been operating all of their facilities since the Petition Date in the ordinary course of business, but determined that Burn 3 would stop operating as of May 31, 2021. No memberships for Burn 3 were renewed on the regular renewal date of May 15th and Burn 3 will in fact stop operating on May 31, 2021.

2. Burn 1 and Burn 2 have seen a modest uptick in participants as a result of the removal of the mask mandate, but until June 1, 2021, cannot operate beyond 30% capacity.

3. As of June 1, 2021, the Burn 1 and Burn 2 can operate at 50% capacity.

The Plan

1. The Debtors are in the process of formulating a plan of reorganization (the "Plan"), which they expect to file by July 29, 2021, which is the deadline set forth pursuant to 11 U.S.C. §1189. If possible, the Debtors will file a plan prior to that date. Debtors presently anticipate that the Plan will keep each Debtor as a separate entity. The Debtors are working with their accountant and financial advisor, Ken Jacobson, to fully evaluate their cash flow and projections for excess disposable income, which will be critical to ascertain the framework for a Plan. Further, the Debtors are working with Mr. Mouranie to develop and evaluate a feasible plan.

2. The Debtors hope to file a consensual Plan. Presently, the main components of the Plan will include the liquidation of the assets at Burn 3, and the continuation of Burn 1 and Burn 2.

3. In order to obtain a consensual plan, the landlords of Burn 1 and Burn 2 will need to agree to either the waiver or significant reduction of the cure amounts and/or payment of the cure amounts for assumption of their leases over a period of time, as the Debtors will not have sufficient funds for a lump sum payment of any cure amounts. Further, there are a number of other issues such as: (i) determining the value of the secured collateral and the adjustment of secured claims based on that value, (ii) obtaining an agreement with Comerica Bank relative to the loans to Burn 1 and Burn 2 on terms which are reasonable and affordable for the Debtors, and possibly a waiver of the deficiency claims arising from the loan to Burn 3; (iii) determination of Debtors' future income (after ordinary and necessary expenses) in order to fund a plan.

4. To date, Debtors have had conversations with:
    a. counsel for Comerica Bank
    b. the subchapter V trustee
    c. counsel for the landlord for Burn 1
    d. the landlord for Burn 2

03428147 v1    3

21-43828-mar    Doc 68    Filed 05/25/21    Entered 05/25/21 13:26:51    Page 3 of 4

   e. counsel for the landlord for Burn 3
   f. counsel for the SBA
   g. the equity interest holders

  5. There is nominal trade debt in this matter.

  6. Debtors do not believe there is any basis to appoint a committee of creditors pursuant to 11 U.S.C. §1181(b) and §1102(b), as the creditors with the significant unsecured claims, being the landlords, are represented by counsel or have determined that they do not need counsel, the trade debt is nominal, and the subchapter V trustee is actively involved.

  7. The Debtors do not believe there is any "cause" for the Court to order the filing of a separate disclosure statement pursuant to 11 U.S.C. §1181(b) and §1125, as the facts of this case are relatively simple, i.e., the facilities were forced to close as a result of the Covid-19 pandemic, and when they could reopen, could only serve their members at 25% capacity. Debtors believe they can sufficiently expand on any prepetition matters and address the post-petition activities in a combined plan and disclosure statement.

  8. To date, the Debtors have filed all required reports, or have explained why any such reports are not available pursuant to 11 U.S.C. §1116(1)(B). See, in Burn 1, Docket No. 7; Burn 2, Docket No. 7; Burn 3, Docket No. 7.

          MADDIN, HAUSER, ROTH & HELLER, P.C.

          By: */s/Julie Beth Teicher*
           David M. Eisenberg (P68678)
           Julie Beth Teicher (P34300)
           Proposed Counsel for Debtor
           28400 Northwestern Hwy., Suite 200
           Southfield, MI 48034
           (248) 354-4030
           deisenberg@maddinhauser.com
           jteicher@maddinghauser.com

DATED: May 25, 2021